COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          DJ Christopher Lowe v. The State of Texas

Appellate case number:     01-14-00158-CR

Trial court case number:     10-DCR-055397

Trial court:                             400th Judicial District Court of Fort Bend County

On August 15, 2013, the trial court certified that appellant had waived the right to appeal as to guilt/innocence only, and that appellant had the right to appeal as to punishment only. On April 4, 2014, the clerk's record was filed in the above-referenced appeal. On April 8, 2014, the court reporter, Karen Rothman, filed a one-volume reporter's record containing only the plea hearing transcript. However, the reporter also filed an information sheet stating that appellant is appealing as an indigent, but that the reporter was out sick on December 6, 2013 when the punishment hearing was held. The reporter also stated that there was a dispute as to whether a record was actually taken for the punishment hearing on December 6, 2013 and, if so, she has so far been unable to locate the reporter who may have recorded that hearing.

Based on the reporter's contention, it appears that a portion of the reporter's record — the punishment hearing — may not have been recorded or, if it was recorded, it may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office, appellant's counsel, Mark. W. Racer, and the court reporter, Karen Rothman, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) Determine whether the punishment hearing portion was stenographically or otherwise recorded or whether the presence of a court reporter was either waived or otherwise not requested by the appellant;

    a. If the punishment hearing was recorded, determine whether Karen Rothman, or the court reporter who recorded such hearing, is able to prepare, certify, and file a transcription of the punishment hearing;

    b. If the punishment hearing was not recorded, determine why it was not recorded;

(2) Determine whether any other testimony, argument, or proceedings from this cause have been omitted from the reporter's record filed with this Court on April 8, 2014;

(3) If other testimony, argument, or proceedings from this cause have been omitted from the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(4) If any portion of the proceedings has been omitted from the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the proceedings, and provide a deadline for filing the supplemental reporter's record of no later than 30 days from the date of the abatement hearing in the trial court;

(5) If any portion of the proceedings has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

    a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

    b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(6) make any other findings and recommendations the trial court deems appropriate; and

(7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes
                     ⊠ Acting individually

Date: August 28, 2014